# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BICKERT et al., | : | |
|     Plaintiffs | : | Civil Action No. 1:07-cv-00952 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| CATAWISSA LUMBER | : | |
| & SPECIALTY CO., | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Defendant Catawissa Lumber & Specialty Co.'s motion to transfer the above-captioned case from the Middle District of Pennsylvania's Harrisburg courthouse to its Williamsport courthouse. (Doc. No. 4.) For the reasons that follow, the Court will deny Defendant's motion.

**I.     BACKGROUND**

    **A.     Procedural Background**

On May 24, 2007, Plaintiffs filed a complaint against Defendant in the United States District Court for the Middle District of Pennsylvania ("Middle District"), alleging various violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S.§ 951 et seq. (Doc. No. 1.) Pursuant to Middle District policy and practices, the Clerk of Court opened and assigned the above-captioned case to the undersigned for trial at the Middle District's Harrisburg, Pennsylvania courthouse ("Harrisburg courthouse"). (Doc. No. 2.) Prior to answering Plaintiffs' complaint, Defendants filed the instant motion to transfer the action from the Harrisburg courthouse to the Middle District's Williamsport, Pennsylvania courthouse

("Williamsport courthouse"). (Doc. No. 4.) Plaintiffs timely filed a brief in opposition (Doc. No. 9), to which Defendant timely replied (Doc. No. 11).

Citing Local Rule 83.6.1, which provides in part that "[e]very action shall be tried at the place in the district designated for the holding of court which is nearest to the residence or principal place of business of the defendant," M.D. Pa. L.R. 83.6.1, Defendant argues that, by transferring the case to Williamsport, which is approximately 30 miles closer to Defendant's principal place of business, the Court would "decrease costs and inconvenience to Defendant's managerial witnesses and representatives who will be attending court-scheduled conferences and hearings" (Doc. No. 4, at 2). Plaintiffs counter that "the language of the rule applies only to the location of the trial" and, "up until the time of trial, the Harrisburg location is the most convenient and cost-effective location for all parties." (Doc. No. 9, at 2-3.) According to Plaintiffs, by transferring the case to Williamsport, a location some eighty to ninety miles farther from counsels' offices than Harrisburg, the Court would in fact increase "attorney travel time and expense for conferences, arguments and other pretrial proceedings that require court appearances . . . to the ultimate detriment of both plaintiffs and defendant in terms of the increased cost of the litigation." (Doc. No. 9, at 3.) In its reply brief, Defendant charges that Plaintiffs' proposal, which it understands to entail a change of judges as well as courthouses, is "both unconventional and inefficient." (Doc. No. 11, at 1.)

**B.   Factual Background**

All six Plaintiffs reside in central Pennsylvania: two in Coal Township, two in Shamokin, one in Sunbury, and one in Wilburton. (Doc. No. 1, at 2-3.) Counsel for Plaintiffs are located in Media, Pennsylvania, a suburb of Philadelphia. (Doc. No. 9, at 3.) Defendant is a

Pennsylvania corporation with a principal place of business in Catawissa, Pennsylvania. (Doc. No. 4, at 2.)  Defendant's counsel of record have offices in Philadelphia, Pennsylvania, and Washington, D.C.  (Doc. No. 9, at 3.)  The driving distances, measured in miles, between the foregoing municipalities and Harrisburg and Williamsport are as follows:

| Municipality | Harrisburg | Williamsport |
|---|---|---|
| Coal Township | 70 | 50 |
| Shamokin | 71 | 50 |
| Sunbury | 55 | 42 |
| Wilburton | 66 | 53 |
| Media | 95 | 178 |
| Catawissa | 75 | 45 |
| Philadelphia | 107 | 178 |
| Washington | 121 | 211 |

(Doc. No. 9, at 3; Doc. No. 4, at 2); see also Google Maps, http://maps.google.com (last visited Mar. 4, 2008) (driving distances for Coal Township, Shamokin, Sunbury, and Wilburton)).

**II.   DISCUSSION**

Pursuant to 28 U.S.C. § 118, Pennsylvania is divided into three judicial districts:  the Eastern, Middle, and Western Districts of Pennsylvania.  28 U.S.C. § 118.  The largest of the districts in terms of area, the Middle District spans the state's southern and northern borders, a distance of nearly 200 miles, and encompasses thirty-three of the state's sixty-seven counties. Id. § 118(b).  The district holds court at Harrisburg, Scranton, Wilkes-Barre, and Williamsport. Id.  Unlike other more densely populated districts of the federal judiciary, there are no divisions within Pennsylvania's three judicial districts.  See, e.g., id. § 124(b) (dividing the Southern District of Texas into seven divisions).

Beyond the fundamental choice of filing a complaint in the Middle District, a plaintiff's preference plays absolutely no role in the process of assigning a case to any one of the district's

3

courts. Rather, pursuant to the District's Case Assignment Policy and Standing Order 79-177, cases are "equally divided and randomly assigned to active judges at each location with due regard to the place where the action should probably be tried." M.D. Pa. Case Assignment Policy § I(1) (May 16, 2005). Because only one active judge sits at Williamsport, cases generated from that part of the district are routinely assigned to active judges who sit in other locations. This case was assigned to the undersigned judge pursuant to this policy. The Local Rules recognize that civil cases may be assigned to judges who sit in some location other than the residence of the parties.

At the pretrial conference, this Court will evaluate which location for trial best serves the convenience of the Court and the parties. It would be premature for the Court to do so now, when a final witness list is not available. Likewise, with no trial date set, the Court is unable to assess whether a courtroom would be available for a Williamsport trial or whether other demands on the undersigned judge would make trial in Williamsport convenient or feasible. Accordingly, Defendant's motion will be denied without prejudice to Defendant filing a motion to transfer at the time of trial. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BICKERT et al.,** | : | |
| Plaintiffs | : | Civil Action No. 1:07-cv-00952 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **CATAWISSA LUMBER** | : | |
| **& SPECIALTY CO.,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 31st day of March 2008, upon due consideration of Defendant's Motion to Transfer (Doc. No. 4) filed in the above-captioned matter, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant's motion to transfer is **DENIED** without prejudice to Defendant filing a motion to transfer at the time of trial.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania